IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GLENN H. DAVIS, | § | |
| (TDCJ No. 1424878) | § | |
| VS. | § | CIVIL ACTION NO.4:08-CV-488-Y |
| | § | |
| | § | |
| DEATRIA SMITH, et al. | § | |

OPINION and ORDER OF DISMISSAL UNDER
28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Glenn H. Davis's case under the review provisions of 28 U.S.C. § 1915(e)(2)(B). Davis, an inmate now housed in the Fort Worth Community Corrections facility, initiated this suit with the filing of a form civil-rights complaint. He names as defendants his sister Deatria Smith, Elton C. Davis, John M. Davis, and Brandy Johnson, an agent for a title company.(Compl. Style; § IV.) Davis claims that his siblings sold family property and arranged the delivery of a check containing his proceeds of the sale to an address from which they could recover and cash the check. (Compl. § V.) Davis seeks to have this Court establish what monetary amount he is entitled to from the sale of the property, he seeks a criminal investigation, and he seeks to have the contract of sale rescinded. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] A district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[3] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[4] After review and consideration of Davis's claims in this suit, the Court concludes that they must be dismissed under the authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[5] Davis has failed to satisfy the first element. Davis has not alleged that any of the defendants violated a constitutional or federal right, and the listed factual allegations do not state such a claim. Also, Davis has failed to allege facts to show that the defendants acted under color of law with regard to the specific events made the basis of this suit.[6] Thus, Davis's claims asserted

---

[2] See 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[4] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[5] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[6] *See generally Cornish v. Correctional Services Corp., et al.,* 402 F.3d 545, 550 (5th Cir. 2005)(noting that under any of the many tests employed to decide whether a private actor's conduct can be fairly attributable to the State

through 42 U.S.C. § 1983 must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

In addition to failing to satisfy the elements to pursue a claim under 42 U.S.C. § 1983, the Court determines that Davis has otherwise failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter of this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are present under 28 U.S.C. § 1332, or if the cause of action arises under the Constitution, laws or treaties of the United States under 28 U.S.C. § 1331. Because plaintiff Davis has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction. Also, in order to properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000, and that he is a citizen of one state and the defendants are citizens of another.[7] Complete diversity of citizenship is required; a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants.[8] Plaintiff listed a Texas address for himself, and Texas addresses for each of the other defendants. Davis has not otherwise asserted any facts to support jurisdiction on the

---

is a "necessarily fact-bound inquiry . . . .")(citing, *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 939 (1982)).

[7] *See* 28 U.S.C. § 1332(a)(1)(West 2006).

[8] *See Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992)(citing *Strawberry v. Curtiss,* 7 U.S. 267 (1806)).

basis of diversity of citizenship. Thus, any other claims must be dismissed for lack of subject-matter jurisdiction.

Therefore, all claims under 42 U.S.C. § 1983 are hereby DISMISSED WITH PREJUDICE under authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

To the extent Plaintiff asserts other claims, they are DISMISSED for lack of subject-matter jurisdiction with prejudice to the right to refile in federal court.

SIGNED January 21, 2009.

                                              TERRY R. MEANS
                                              UNITED STATES DISTRICT JUDGE